UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**MALIBU MEDIA, LLC,**

       Case Nos. 3:14-cv-184

   **Plaintiff,**

       Judge Thomas M. Rose

**-v-**

**JOHN DOE,**

   **Defendant.**

---

**ENTRY AND ORDER GRANTING, SUBJECT TO CONDITIONS, MALIBU MEDIA'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA (Doc. #2)**

---

Now before the Court is Plaintiff Malibu Media LLC's ("Malibu's") ex parte Motion for Leave To Serve a Third Party Subpoena. (Doc. #2.)  Malibu's Motion is hereby granted subject to the following conditions:

    1. Malibu may immediately serve a Rule 45 subpoena upon Time Warner Cable (the "ISP"), the ISP listed in Exhibit A to Malibu's Complaint for the purpose of obtaining the name and physical address of the individual assigned IP address 107.9.34.218 ( Defendant "John Doe"). The subpoena shall have a copy of this Order attached;

    2. The ISP will have thirty (30) days from the date of service of the Rule 45 subpoena to serve the John Doe Defendant with a copy of the subpoena and a copy of this Order. The ISP may serve the John Doe Defendant using any reasonable means, including written notice sent the his or her last known address, transmitted either by first-class mail or via overnight service;

    3. The ISP and the John Doe Defendant shall have thirty (30) days from the date of service of the Rule 45 subpoena to file any motions with this Court contesting the subpoena

(including a motion to quash or modify the subpoena). The ISP may not turn over the John Doe Defendant's name to Malibu before the expiration of this thirty-day period. Also, if the John Doe Defendant or ISP files a motion to quash or modify the subpoena, the ISP shall not produce any information to Malibu until the Court issues an order instructing the ISP to resume production of the requested discovery. If the John Doe Defendant moves to quash or modify the subpoena, the John Doe Defendant shall contemporaneously notify the ISP so that the ISP is on notice not to release the John Doe Defendant's name to Malibu until the Court rules on any such motion;

    4. If the thirty-day period lapses without the John Doe Defendant or ISP contesting the subpoena, the ISP shall have ten (10) days to produce the information responsive to the subpoena to Malibu;

    5. The ISP shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash;

    6. Any information ultimately disclosed to Malibu in response to a Rule 45 subpoena may be used by Malibu solely for the purpose of protecting Malibu's rights as set forth in Malibu's Complaint.

    **DONE** and **ORDERED** in Dayton, Ohio this Fifth Day of August, 2014.

    s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record